Bullard, J.
A re-hearing was given in this case, and it has been again elaborately argued in writing. We have kept it under advisement for a considerable length of time, and maturely considered the authorities relied on.
Before announcing the result of our re-examination of the subject, it is proper to state precisely what our first decision was, as it seems to have been misunderstood. It will be seen then, on recurring to the opinion first pronounced, that we held : Firs*-, That the act of the Legislature imposing a tax upon passengers arriving in New Orleans from beyond the limits of this State, for the support of the Charity Hospital, is not, in the opinion of this court, repugnant to the constitution and laws of the United States. Secondly, That although the captain of the vessel is authorized to collect the tax, and is clothed with power to coerce its payment, and to that extent may be considered as a State officer, yet as the Legislature has imposed no penalty in case of his neglecting or refusing to make the collection, and that part of the statute is without a sanction, the courts cannot supply such penalty. It was upon this last ground alone, that under the plea of the general denial, we held, that the master is not liable to pay *225 the tax, as a penalty for not having complied with the requirements of the statute, by collecting it from his passengers.
The counsel for the plaintiff has called our attention to the laws of New York and Massachusetts of an analogous character, to the decisions of the Supreme Court of the United States in the case of The City of New York v. Miln, (11 Peters, 102,) and of the Supreme Court of Massachusetts in the case of Norris v. The City of Boston, affirming the constitutionality of those laws.
The statute of New York, out of which arose the first of these cases, authorized the Health Commissioner to demand, and, in case of refusal or neglect to pay, to sue for-and recover,from the master of every vessel from a foreign port, for himself and each cabin passenger, one dollar and fifty cents; for each steerage passenger, mate, sailor, or mariner, one dollar; and from the master of each coasting vessel, for each person on board, twenty-five cents, with certain restrictions as to coasting vessels from the adjoining States. See 1 Revised Statutes, 436, 437. Another section of the same law required every master of a' coasting vessel to pay to the Health Commissioner, at his office in the city of New York, within twenty-four hours after his arrival, such hospital moneys as might be due by him under the law ; and “every master for each omission of such duty, shall forfeit the sum of one hundred dollars.”
The Massachusetts statute provided, among other things, that no alien passengers should be permitted to land, until the master, owner, or consignee shall pay to the boarding officer, two dollars for each passenger so landing. Norris, the plaintiff, having paid the tax for nineteen passengers, who had arrived on board of his vessel, which sum went into the treasury of the city of Boston in pursuance of the statute, sued the city to recover it back, on the ground, that the statute was repugnant to the constitution and laws of the United States. Both these decisions affirm the constitutional validity of those 'enactments, even where the tax is imposed upon the master, owner, or consignee. But they do not touch the only question, upon which the case now before us turned, to wit, whether the master, who is not taxed, be legally bound to make the collection, under the penalty of paying the tax himself. The statutes of those two States are totally different from *226 ours. In New York and Massachusetts, the master, owner, or consignee is the tax payer, and the tax varies with the number of passengers or persons on board. In Louisiana it is the passengers alone who are taxed, and the master is made the collector. In performing that duty under the statute, the master would become either the gratuitous mandatary of the Charity Hospital, (which could not be without his consent,) or a State officer, pro hac vice. Admitting that the State may impose duties upon any class of its citizens, as contended by the plaintiff’s counsel, and even upon foreign captains of merchant vessels the moment they arrive in this port, the difficulty is in coercing their obedience, where the law has no sanction, and disobedience is threatened with no definite punishment or penalty. If disobedience in such cases were even declared to be a crime, the courts cannot declare what shall be the punishment. The numerous class of cases to which the plaintiff’s counsel refers us, will be found in most instances, to consist of duties imposed either under penalties declared by law, or services to be rendered, ex officio, or in consequence of holding some office. In neither case is there any difficulty. The penalty may be recovered, or the officer held to account for his neglect of duty, because the exercise of the office implies his consent to perform such ex officio duties. Such is the case with clerks and sheriffs in relation to the collection of taxes on suits, and of executors as to the collection, or rather the retaining of the tax on legacies to foreigners, <fcc. But these officers may, at any time, resign ; and thus relieve themselves. Even supposing that the neglect to perform duties required by this statute, although not punishable by a definite penalty, would give rise to an action in damages in favor of the person or institution for whose benefit they were required, yet it does not follow, that the damages would be necessarily equal to the tax on all the passengers. Some may be unable to pay ; others may have no baggage upon which the captain could lay his hands, as the only means of coercion which the statute gives him. The damages could only be commensurate with the injury sustained by the neglect of the captain ; and that injury must be shown by the party complaining. The passenger owes the tax, and it may be recovered of him by direct action, and is not necessarily lost, be *227 cause the master of the vessel was either unable to collect it, or unwilling to embroil himself with his passengers, and render himself odious by resorting to a summary seizure of their bag-
first opinion, we expressed a doubt whether the statute constitutional, if it had been obligatory on the masters of vessels navigating under a license from the custom-house, to pay the tax in default of collecting it of his passengers. The Supreme Court of the United States was not unanimous upon that question, in the case of New York v. Miln. One very able and learned Judge dissented, and stated that he had authority to say that Chief Justice Marshall concurred in opinion with him. Under such circumstances we might well entertain some doubt; but upon a question of the constitutional authority of Congress, and the consequent restriction upon the power of the State Legislatures, we regard a solemn judgment of that high tribunal as settling the lavnJS N[,n our rita be won
The judgment first pronounced must remain undisturbed.